# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LESLIE LYLE CAMICK,

    *Plaintiff,*

vs.

    Case No. 18-1065-EFM-GEB

RICHARD DORNEKER, et al.,

    *Defendants.*

## MEMORANDUM AND ORDER

    In Plaintiff Leslie Lyle Camick's fourth lawsuit in the District of Kansas, he asserts a claim under 42 U.S.C. § 1983 against Defendants Sheriff Richard Dorneker; Board of Commissioners of Chase County, Kansas; John Ehr; and other John or Jane Does of the Chase County Sheriff's Office. He claims that these Defendants violated his Fifth and Fourteenth Amendment rights to due process by impeding his access to the jail's law library and copying services, and by delaying the mailing of his appeal of an immigration order. Ultimately, Plaintiff contends that those actions led to his removal from the United States. Defendants are before the Court with their Motion to Dismiss (Doc. 23). Because the Court finds that Plaintiff fails to state a claim, the Court grants Defendants' motion.

## I. Factual and Procedural Background[1]

Plaintiff originally filed his Complaint on February 28, 2018, against several Defendants.[2] Defendants filed a comprehensive Motion to Dismiss asserting that Plaintiff failed to state a claim. Plaintiff then filed a Motion to Amend Complaint stating that Defendants raised issues in their Motion to Dismiss that required clarification of his Complaint. Magistrate Judge Birzer granted the motion noting that Plaintiff could amend his Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).

On July 2, 2018, Plaintiff filed his Amended Complaint.[3] In it, he brings a § 1983 claim against multiple defendants. These include Sheriff Richard Dorneker (in his individual and official capacity); the Board of Commissioners of Chase County, Kansas; John Ehr; and other John or Jane Does as deputies of the Chase County Sheriff's Office. Plaintiff contends that these Defendants violated his Fifth and Fourteenth Amendment rights to due process. In general, he claims that Defendants impeded his access to the law library at the jail, denied him copying services, and delayed in mailing an appeal related to an immigration order.

---

[1] The facts are taken from Plaintiff's Amended Complaint and construed in the light most favorable to Plaintiff. The Court has also taken judicial notice of the pleadings/proceedings in several other cases in this Court and other district and appellate courts involving Plaintiff.

[2] This case is the fourth civil case that Plaintiff has filed in this district. Plaintiff's first case was dismissed in 2013 and deemed final in early 2014. Plaintiff attempted to appeal that case to the Tenth Circuit Court of Appeals in 2017, but the Tenth Circuit dismissed his appeal as untimely. Plaintiff filed his second and third cases in 2017. This Court dismissed Plaintiff's cases in 2018, and the Tenth Circuit recently issued its opinion affirming those dismissals. *See Camick v. Holladay*, 2018 WL 6658053 (10th Cir. 2018).

[3] On the same date, Plaintiff filed a Motion to Stay Case (Doc. 19) in which he requested that the Court stay all proceedings pending the resolution of a case (his immigration appeal) in front of the Eighth Circuit Court of Appeals. The Eighth Circuit issued an opinion on June 8, 2018 (this opinion will be discussed in greater detail later in this Order) and Plaintiff sought a rehearing or rehearing en banc of that order. At the time Plaintiff filed his Motion to Stay, the Eighth Circuit had not yet ruled on Plaintiff's request. On August 15, 2018, the Eighth Circuit denied Plaintiff's motion. Because Plaintiff's case concluded before the Eighth Circuit and because the Court finds that Plaintiff fails to state a claim, the Motion to Stay is denied as moot.

More specifically, Plaintiff contends that he was detained and jailed in Chase County starting December 11, 2015. Between December 11, 2015, and March 2, 2016, Plaintiff states that he had (1) unrestricted copies of legal documents, (2) unrestricted access to the law library, (3) unrestricted access to the United States Postal Service, (4) unrestricted telephone access, and (5) unrestricted copies of online legal forms. On March 3, 2016, Plaintiff alleges that his circumstances at the jail changed.[4] He states that his routine access was abruptly terminated following a meeting with an immigration officer in Wichita in which he informed the officer that he planned an appeal to the Board of Immigration Appeals (BIA).[5]

Plaintiff alleges that the immigration officer verbally directed Sheriff Dorneker or Defendant Ehr or Defendants Jane or John Doe to (1) hinder his access to the law library, (2) hinder his copy requests, (3) hinder his printing of online forms, (4) hinder or delay Plaintiff's mails of forms, legal documents, or appeal briefs, and (5) generally frustrate or impede Plaintiff's attempt to seek legal redress before the courts. He also contends that he was notified in writing in March by Sheriff Dorneker that his copy privileges had been denied as excessive or abusive after he requested seven copies be sent to the Third Circuit Court of Appeals.[6]

On Saturday, March 5, Plaintiff had a verbal discussion with an unidentified deputy about why he was being denied copy privileges. The deputy informed him that those were the directions from Sheriff Dorneker.

---

[4] According to the Eighth Circuit Court of Appeals' opinion in *Camick v. Sessions*, 891 F.3d 1101 (2018), Plaintiff was supposed to voluntarily depart the United States by March 3, 2016. *Id.* at 1104. The Department of Homeland Security (DHS) served him with a Warning for Failure to Depart on March 3. *Id.*

[5] Plaintiff's immigration appeal will be discussed in more depth below.

[6] Plaintiff had cases before the Eighth and Third Circuits.

On March 12, 2016, Plaintiff gave his BIA appeal to Deputy Ehr. On that day, Deputy Ehr picked up Plaintiff's appeal from Plaintiff's "window sill" and told Plaintiff that he would go to the Cottonwood Falls U.S. Post Office on his lunch break. Plaintiff alleges that Deputy Ehr had previously demonstrated competence and reliability.

On March 15, 2016, Plaintiff was called into the hallway for a case status update by the immigration officer. At that time, an unidentified deputy hand delivered a tracking receipt for the March 12 mailing. The unidentified deputy informed Plaintiff that Deputy Ehr had placed the tracked envelope in the regular "out" mail. Plaintiff expressed concern to the immigration officer that his appeal would not timely arrive to the BIA on March 14, 2016, due to Deputy Ehr's placement of it in the regular "out" mail. Plaintiff alleges that Deputy Ehr's usual practice of sending Plaintiff's mail out via tracking receipt would have ensured delivery to the BIA on March 14, 2016. Plaintiff's appeal was received by the BIA on March 17, 2016.[7]

On July 28, 2016, the BIA denied Plaintiff's appeal. The BIA determined that his appeal, received on March 17, was untimely. In that opinion, the BIA noted that Plaintiff's due date was March 12, 2016, but receiving the appeal on the following Monday, March 14, would have been acceptable.

---

[7] In Plaintiff's first Complaint, he alleged that he believed that the appeal deadline was March 18, 2016. In his Amended Complaint, Plaintiff changes that date to March 14 and does not include the March 18 date. Plaintiff also alleges in his Amended Complaint that on March 14, 2016, he mailed a letter to the BIA via regular mail expressing concern about the actual date of his appeal. In addition, in the Eighth Circuit's opinion, the court noted that Plaintiff "stated that he was confused about whether the thirty days to file a notice of appeal did not begin until February 18, based on the Form I-229(a) Warning." *Camick*, 891 F.3d at 1104-05. Plaintiff also made arguments to the Eighth Circuit that his appeal was timely because the timeframe for appeal began on February 18, 2016. *Id*. at 1106. Taking all inferences in favor of Plaintiff, the Court will construe his Amended Complaint (and his arguments in his briefing) to mean that he believed the deadline was March 14 (the earlier date).

Plaintiff alleges that during his incarceration of fifty-four months, he was successful in meeting all court deadlines in numerous courts. Plaintiff's untimely filing with the BIA was the first event ruled untimely for Plaintiff. He claims that the untimely filing was caused by Deputy Ehr.

On March 23, 2016, Plaintiff was removed from the United States. He alleges that all Defendants conspired with each other to deprive Plaintiff of due process by denying his right to legal copy services or law library access and causing undue delay in mailing his BIA appeal. Ultimately, he alleges that these failures created grounds for his removal from the United States.

As noted above, Plaintiff originally filed his Complaint in February 2018 but filed an Amended Complaint in July 2018 after Defendants filed a Motion to Dismiss asserting that Plaintiff failed to state a claim. Defendants have again filed a Motion to Dismiss based on the allegations in the Amended Complaint. Plaintiff responded and filed a Motion to Strike portions of Defendants' brief (Doc. 27).[8] The Court will now address Defendants' motion.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim where the plaintiff has failed to state a claim upon which relief can be granted. On such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[9] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to

---

[8] Plaintiff frequently files motions to strike objecting to the other party's characterization of events. Plaintiff does not identify any sufficient ground for striking material in Defendants' brief, and the Court denies Plaintiff's motion.

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

reasonably infer that the defendant is liable for the alleged misconduct.[10] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[11] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint but need not afford such a presumption to legal conclusions.[12] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[13]

Generally, the Court is constrained by the allegations in the complaint when considering a motion to dismiss. A court, however, may take facts subject to judicial notice, such as "its own files and records, as well as facts which are a matter of public record" without converting a motion to dismiss to one for summary judgment.[14]

Because Plaintiff is pro se, the Court is mindful of considerations for an unrepresented plaintiff. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but the Court will not "assume the role of advocate for the pro se litigant."[15] To avoid dismissal, the pro se complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic

---

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

[12] *Iqbal*, 556 U.S. at 678-79.

[13] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[14] *Tal v. Hogan*, 453 F.3d 1244, 1264-65, n. 24 (10th Cir. 2006) (citations omitted).

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

recitation of the elements of a cause of action . . . [and] must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[16]

With regard to Plaintiff's pro se status, however, Plaintiff is a prolific filer. As the Eighth Circuit Court of Appeals noted in its recent decision, it rejected Plaintiff's contention that he was "entitled to special treatment as a pro se litigant dealing with the complex world of immigration law" because after reviewing Plaintiff's "pleadings, briefs, substantive arguments, and procedural maneuvers," it concluded that he was "remarkably well versed in immigration law and practice."[17] Indeed, this Court notes that Plaintiff is adept at procedural and substantive arguments and has presented arguments to three circuit courts of appeal, two district courts, and the BIA. Accordingly, the Court will keep these considerations in mind when considering Plaintiff's pleadings.

### III. Discussion

Plaintiff brings a § 1983 claim asserting that Defendants violated his Fifth and Fourteenth Amendment rights to due process. His claim is essentially that Defendants denied him access to the courts which resulted in his deportation from the United States. Defendants assert multiple reasons for dismissal. First, Defendants claim that Plaintiff fails to state a cause of action against the Chase County Board of Commissioners or any "Doe" Defendants and that they are improperly included as Defendants. Next, Defendants assert that Plaintiff cannot state a claim because Plaintiff (1) does not demonstrate that he has a constitutional right of access to the immigrations courts while he was incarcerated, (2) does not allege any actual injury as a result of

---

[16] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citations omitted).

[17] *Camick*, 891 F.3d at 1103, n. 1.

Defendants' alleged restrictions to his law library access or copying services, (3) does not demonstrate that the alleged failure of mailing his BIA appeal resulted in a constitutional violation, and (4) does not show that the alleged untimely mailing of his BIA appeal caused him any injury. Finally, Defendants contend that Plaintiff cannot prosecute his case because he is legally barred from entering the United States for at least the next eight years.

### A.    Improper Defendants

Defendants assert that Plaintiff fails to state a claim against the Chase County Board of Commissioners and John/Jane Does (unknown officers of the Chase County Sheriff's Office). They contend that Plaintiff makes no individualized allegations against the county commissioners or the unknown officers. Instead, they contend that Plaintiff simply lumps all Defendants together with no specifics as to any commissioner's or John/Jane Doe's action. Plaintiff does not address Defendants' argument in his response to their Motion to Dismiss.

A review of the Amended Complaint confirms Defendants' argument. Plaintiff does not include specific allegations related to board members. In addition, he does not allege the existence of a policy or custom formulated by the county commissioners. To the extent Plaintiff attempts to assert a claim against the county, a municipality or a county "cannot be held liable under section 1983 on a *respondeat superior* theory for merely employing a tortfeasor."[18] Instead, a county can only be held liable for an official policy or custom.[19] Because Plaintiff fails to include specific

---

[18] *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

[19] *Id.* (citing *Monell*, 436 U.S. at 694).

allegations against any individual commissioner and fails to allege a policy or custom in place, the Chase County Board of Commissioners is dismissed.

Plaintiff's Amended Complaint also does not include specific allegations related to unknown officers of the Chase County Sheriff's Office. "In the context of § 1983 claims, the Tenth Circuit has held that a plaintiff's Complaint fails to provide adequate notice to the defendants of the nature of the claims against them when the pleading 'fails to isolate the allegedly unconstitutional acts of each defendant . . . .' "[20] "[I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom* . . . ."[21] Because Plaintiff fails to include specific allegations with regard to the unknown Defendants, the John/Jane Does (unknown officers) must also be dismissed.[22]

### B.    Failure to State a Claim

Defendants next assert that Plaintiff cannot state a claim for multiple reasons. The Court need not address all of Defendants' contentions and will only address the arguments that Plaintiff fails to allege or demonstrate any actual injury. Defendants set forth two arguments with regard to Plaintiff's injury and contend that Plaintiff 1) does not allege any actual injury as a result of Defendants' alleged restrictions to his law library access or copying services, and 2) does not show that the alleged untimely mailing of his BIA appeal caused him any injury. A discussion of

---

[20] *Neighbors v. Lawrence Police Dep't*, 2016 WL 3685355, at *8 (D. Kan. 2016) (citing *Robbins*, 519 F.3d at 1250).

[21] *Robbins*, 519 F.3d at 1250.

[22] The Court only found three references to an unknown officer, identified as Deputy B, in Plaintiff's Amended Complaint. Two allegations simply relate to information about the mail that this officer relayed to Plaintiff. The other allegation states that this deputy conveyed information to Plaintiff that his copy privileges were being denied indefinitely by the Sheriff. None of these allegations are sufficiently specific.

Plaintiff's immigration appeal to the Eighth Circuit and a review of the Eighth Circuit's opinion is necessary.

On June 8, 2018, the Eighth Circuit issued its opinion on Plaintiff's appeal of two decisions of the BIA related to his deportation.[23] In this decision, the Eighth Circuit noted the underlying facts surrounding Plaintiff's deportation. At a February 11, 2016, removal hearing, Plaintiff agreed to a " 'pre-conclusion' voluntary departure" which would "allow him to depart the United States without a removal order and return immediately if he secured a visa, avoiding the ten-year ban on reentering the United States after removal, but he would have to 'waive appeal today of all issues.' "[24] On this same date, the immigration judge (IJ) issued a written order granting the voluntary departure which gave Plaintiff until March 3, 2016, to depart.[25] The immigration judge also entered an alternate order of removal to Canada and stated that both parties had waived their right to appeal.[26] Plaintiff was served this order on February 11, 2016.[27]

Plaintiff did not voluntarily depart by March 3, did not ask the IJ for more time to do so, and did not file a motion to reopen or reconsider the voluntary departure grant.[28] On March 3, Plaintiff was served with a warning for failure to depart which listed February 18, 2016, as the date the IJ's removal order became final.[29] On March 12, Plaintiff gave "a notice of appeal of the

---

[23] *Camick*, 891 F.3d 1101.

[24] *Id.* at 1104.

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* There was confusion as to the date the IJ's removal order became effective—February 11 or February 18. Ultimately, the order became effective on February 11, 2016, and the time to appeal began running on that date.

IJ's February 11 decision to detention facility officials for mailing to the BIA."[30] The BIA received Plaintiff's appeal on March 17.[31]

In the BIA's July 28, 2016, opinion, the BIA dismissed Plaintiff's appeal for three reasons, including that it was untimely filed because it should have been filed by March 14.[32] Plaintiff filed a motion for reconsideration which the BIA also denied.[33] In this opinion, the BIA "expressly consider[ed] [Plaintiff's] allegations that the detention facility impermissibly denied him photocopy and law library access and delayed mailing his notice of appeal," but it found that plaintiff "failed to establish it should exercise its self-certification authority to accept [Plaintiff's] appeal."[34]

Plaintiff then appealed those two decisions to the Eighth Circuit which consolidated the two petitions for review. The Eighth Circuit noted that Plaintiff's focus was whether the appeal was timely filed.[35] However, the circuit noted that in the unique circumstances of the case, "the answer to the untimely appeal question is immaterial" to its decision.[36] The Eighth Circuit concluded that as of March 3, Plaintiff's voluntary departure date, his agreement with the government was no longer executory.[37] Because Plaintiff "made no valid attempt to withdraw

---

[30] *Id.* The Court notes that these facts are consistent with Plaintiff's facts in his Amended Complaint.

[31] *Id.* at 1105.

[32] *Id.* The BIA also noted that Plaintiff waived his right to appeal the IJ's decision at the February 11 hearing and that his claim for ineffective assistance of counsel failed to comply with the requirements.

[33] *Id.*

[34] *Id.* (citing 8 C.F.R. § 1003.1(c)).

[35] *Id.* at 1107.

[36] *Id.*

[37] *Id.* at 1108.

from the executory pre-conclusion order" and he only attempted to file a lengthy appeal after overstaying that period, the Eighth Circuit found that his effort was untimely.[38] Thus, the circuit concluded that Plaintiff's "belated appeal to the BIA was untimely because it was filed after termination of the voluntary departure period, whether or not it was timely filed under the BIA's procedural regulations."[39] Accordingly, "any error by the BIA in not taking up this futile appeal of the alternative removal order on the merits was harmless."[40]

In sum, the fact that Plaintiff's BIA appeal arrived late (March 17 instead of March 14) had no impact on his immigration case. Had Plaintiff wanted to withdraw from the pre-conclusion voluntary departure order, he needed to withdraw from the order while it was still executory (prior to March 3). Because he failed to do so (and failed to depart), the February 11 alternate removal order became final and unappealable.

For purposes of this order, March 3 is the relevant date to consider. Only if Plaintiff attempted to withdraw from the executory pre-conclusion order (and was thwarted from doing so) would Plaintiff have an injury related to his immigration appeal and subsequent deportation from the United States. None of Plaintiff's allegations in his Amended Complaint regarding Defendants' behavior arise prior to March 3. Indeed, Plaintiff alleges that his circumstances at the jail changed *on* March 3 and negatively impacted his filing deadline of March 14. He also specifically alleges that prior to March 3, he had (1) unrestricted copying of legal documents, (2) unrestricted access to the law library, (3) unrestricted access to the United States Postal Service,

---

[38] *Id.*

[39] *Id.*

[40] *Id.*

(4) unrestricted telephone access, and (5) unrestricted copies of online legal forms.[41]  Thus, even if his access was curtailed on March 3, it did not negatively impact Plaintiff's immigration status or appeal.[42]  Accordingly, because any alleged delay in mailing or filing Plaintiff's BIA appeal would not have impacted Plaintiff's immigration status or his deportation, Plaintiff does not and cannot allege an injury.[43]  Plaintiff fails to state a claim, and Defendants' Motion to Dismiss is granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Portions of Defendants' Response Memorandum (Doc. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Case (Doc. 19) is **DENIED AS MOOT**.

---

[41] To the extent that Plaintiff attempts to bring a separate claim about lack of access to the law library or copying services, he does not allege any actual injury from an alleged two weeks' worth of limited access.  Although prisoners have a right of access to courts and adequate law libraries, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar, the inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."  *Proch v. United States Bureau of Prisons*, 667 F. App'x 708, 710 (10th Cir. 2016) (internal quotation marks and citations omitted).  Here, Plaintiff alleges that he did file his briefs, albeit he alleges that they were untimely. Thus, Plaintiff fails to state a claim.

[42] Plaintiff does not allege that he attempted to mail or file anything on March 3.  Even if Plaintiff had attempted to mail something on March 3, it would have been untimely because it would not reach its destination on or before March 3.

[43] As noted above, Plaintiff filed a Motion to Stay in July.  In that motion, he noted the Eighth Circuit's decision but stated that he had applied for a rehearing en banc with the Eighth Circuit Court of Appeals.  He argued that this Court should stay the case until the Eighth Circuit made a decision on whether to rehear the matter or rehear it en banc because its decision could be dispositive to this case.  He also stated that should there be a favorable ruling to Defendants, he would "promptly move the Court for a dismissal of the complaint." Doc. 19, p. 3.  The Eighth Circuit denied Plaintiff's petition for rehearing on August 15, 2018.  Plaintiff now contends in his briefing a view completely contrary to one that he previously took and states that the Eighth Circuit's ruling is immaterial and a factual matter for a jury to decide. Doc. 37, p. 13.  Plaintiff's statements in his briefings and pleadings are somewhat disingenuous in that they change depending on the circumstances.

**IT IS SO ORDERED**.

This case is closed.

Dated this 30th day of January, 2019.

                                                  ERIC F. MELGREN
                                                  UNITED STATES DISTRICT JUDGE